IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL HOWELL, VICTORIA HOWELL, and MARK GRAHAM, individually and as Personal Representatives of the ESTATE OF JANICE GRAHAM, <br><br> Defendants. | CV 25–57–M–DLC <br><br><br> OPINION <br> and ORDER |

This case arises from a fatal car accident that occurred in April 2023 in Ravalli County, Montana. Plaintiff Foremost Insurance Company ("Foremost") seeks a declaratory judgment that it has no duty to defend or indemnify its insureds, Michael Howell and Victoria Howell, under the terms of their homeowners policy. Before the Court are Foremost's motion for summary judgment, (Doc. 8), and Defendants Mark Graham and the Estate of Janice Graham's (collectively, "Graham") cross-motion for summary judgment, (Doc. 16), and motion for attorney fees, (Doc. 17). For the reasons stated below,

1

Foremost's motion is GRANTED, and the Grahams' cross-motion and motion for attorney fees are DENIED.

### BACKGROUND[1]

Foremost issued Homeowners Insurance Policy No. 381-0064731265 (the "Policy") to Michael and Victoria Howell, the named insureds, for a period of September 2022 to September 2023. The Policy provides personal liability insurance with exclusions for certain conduct, including conduct related to motor vehicles and the use of controlled substances. (*See* Doc. 10-1 at 44–45.) On April 2, 2023, Michael Howell was driving south on Highway 93. He lost control of his vehicle and it collided with a northbound vehicle occupied by Mark and Janice Graham. Mark Graham sustained bodily injuries and his wife, Janice Graham, died as a result of the accident.

Graham subsequently sued Michael Howell in state court, alleging he negligently caused the accident by driving in an unsafe manner while under the influence of marijuana. The state court found Michael Howell negligent per se for failing to operate his motor vehicle in a safe and prudent manner. Graham separately sued Victoria Howell, alleging she caused the accident by negligently entrusting her husband with the vehicle and sending him distracting text messages

---

[1] The facts set forth below consist of those facts which are undisputed or have been deemed substantively undisputed.

2

while she knew he was driving under the influence of marijuana. The state court entered summary judgment in favor of Victoria Howell, finding that she could not be liable for negligently entrusting Michael Howell with a vehicle that he co-owned and she had no duty to refrain from texting him while he was driving.

On April 22, 2025, Foremost filed suit in this Court seeking a declaratory judgment that "there is no coverage under the Homeowners Policy for any and all claims in the underlying cases and, therefore, Foremost owes no duty to defend or indemnify either Michael or Victoria Howell in the underlying cases." (Doc. 1 at 13.) Due to Victoria and Michael Howell's failure to respond to the Complaint, the Clerk of Court entered default judgment against the Howells pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 15.) The remaining parties, Foremost and Graham, filed cross-motions for summary judgment. (Doc. 8, 16.) Graham only opposes Foremost's requested relief as to Victoria Howell, not as to Michael Howell. (*See* Doc. 19 at 2) ("It is Graham's position that the only 'case at issue' is the later case against Victoria for her personal liability coverage.") While oral argument has been set for July 29, 2026, (Doc. 33), this matter can be resolved on the parties' written submissions. The July 29, 2026 hearing is therefore vacated.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

3

matter of law." Fed. R. Civ. P. 56(a). Facts are material if they have the potential to affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). On cross-motions for summary judgment, it is the court's "independent duty to review each cross-motion and its supporting evidence . . . to determine whether the evidence demonstrates a genuine issue of material fact." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1137 (9th Cir. 2001). Each motion is therefore evaluated separately, "giving the nonmoving party in each instance the benefit of all reasonable inferences." *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1150 (9th Cir. 2016) (internal quotation marks omitted).

## DISCUSSION

The substantive law of Montana, the forum state, applies to this diversity action. *Med. Lab. Mgmt. Consult. v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). "The interpretation of an insurance contract is a question of law." *United Nat'l Inc. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1265 (Mont. 2009). "[W]hen the language of a policy is clear and explicit, the policy should be enforced as written." *Id.* Giving the words of a contract their ordinary meaning, insurance policies are strictly construed against the insurer in favor of the insured and in the favor of extending coverage. *Travelers Cas. & Sur. Co v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 474 (Mont. 2005). Ambiguous contract

4

language is interpreted to provide coverage. *Id.* Ambiguity exists when, taken as a whole, an insurance contract is reasonably subject to two different interpretations. *Id.* Interpretive differences should be resolved from the viewpoint of a layperson untrained in law or the insurance business. *Giacomelli v. Scottsdale Insurance Co.*, 221 P.3d 666, 672 (Mont. 2009).

The determination of whether insurance coverage exists is a two-step process. First, the insured must prove that the policy covers the loss incurred. *Ribi*, 108 P.3d at 476. Then, to avoid coverage, the insurer has the burden to show that specific policy language excludes the insured's loss. *Id.* Because exclusions from coverage "are contrary to the fundamental protective purpose of an insurance policy," they are narrowly and strictly construed. *Newman v. Scottsdale Insurance Co.*, 301 P.3d 348, 355 (Mont. 2013) (internal quotation marks omitted). In cases when an exception to an exclusion is disputed, the burden returns to the insured to prove that the exception applies, restoring coverage. *Ribi*, 108 P.3d at 476.

Here, the Policy includes personal liability insurance which commits Foremost to defend and indemnify Michael and Victoria Howell if a suit is brought against them "for damages because of bodily injury … caused by an accident that occurs during the Policy Period …" (Doc 10-1 at 41.) However, Foremost "will not provide coverage or defense for" a claim "which is excluded by this policy." (*Id.*) The parties disagree on whether two categories of exclusions

5

apply to the claims against Victoria Howell: the motor vehicle exclusions and the drug use exclusion. Because the motor vehicle exclusions preclude coverage, summary judgment is granted in favor of Foremost.

## I.    Motor Vehicle Exclusions

Exclusions 8, 9, and 10 in the Policy relate to use of a motor vehicle. Exclusions 8 denies coverage for bodily injury or property damage "arising out of the ownership, operation, maintenance, use, loading, or unloading of … a motor vehicle, entirely or partially owned or operated by, or rented or loaned to, any of you." (Doc. 10-1 at 43–44.) Exclusion 9 denies coverage for negligent entrustment of a motor vehicle, and Exclusion 10 denies coverage for negligent supervision, liability imposed by statute, and liability assumed by agreement "with regard to the ownership, operation, maintenance, or use of any… motor vehicle." (*Id.*)

Foremost argues that the claims against Victoria Howell are unambiguously excluded because they arose out of another insured's use of her motor vehicle. The negligent entrustment claim, they argue, is explicitly precluded by Exclusion 9, and the claim of negligently texting Michael Howell while he was driving under the influence is "directly intertwined with" his operation of the vehicle, without which there would be no case. (Doc. 20 at 19.) Graham argues that the claim against Victoria Howell for texting should be covered because this conduct "does not amount to her operation, use, maintenance, loading or unloading of a motor

6

vehicle." (Doc. 18 at 7.) He cites Montana's rule of interpreting policy exclusions narrowly and resolving ambiguity in favor of coverage. Graham also highlights that Montana courts, following *Pablo v. Moore*, evaluate motor vehicle exclusions in insurance policies based on whether the specific liability-inducing conduct is excluded by the policy, not whether a vehicle was the instrumentality of injury. (Doc. 18 at 6 (citing *Pablo v. Moore*, 995 P.2d 460 (Mont. 2000).) Ultimately, Foremost has the better argument.

In *Pablo*, the Montana Supreme Court held that a motor vehicle exception similar to Exclusion 8 did "not clearly and unambiguously exclude coverage for … [n]egligent hiring, training, and supervision" of drivers. 995 P.2d at 464. In the context of these employment-related claims, the Court found the phrase "arising out of the ownership, maintenance, use or entrustment [of a motor vehicle]" ambiguous, *id.* at 461, 463, because there was "a possibility of liability arising out of something other than what was excluded," *R.S. v. United Servs. Auto. Assn.*, 507 P.3d 565, 569 (Mont. 2022) (citing *Pablo*, 995 P.2d at 464). In so holding, the Court "d[id] not look to the underlying cause of the injury to determine coverage, but to the specific theory of liability." *Pablo*, 995 P.2d at 464. Therefore, even bodily injury sustained in a car accident may be covered if the liability-inducing conduct is not excluded.

7

Citing *Pablo*, the Montana Supreme Court recently stated that "[t]he phrase 'arising out of,' when used but not defined in an insurance policy, is ambiguous." *TCF Enters., Inc. v. Rames, Inc.*, 544 P.3d 206, 221 (Mont. 2024) (citing *Pablo*, 995 P.2d at 462–63). However, the Court has upheld exclusions containing the phrase as recently as 2022, *see R.S.*, 507 P.3d at 569 (determining there was "no ambiguity regarding whether the USAA policy excluded coverage" for bodily injury "arising out of sexual misconduct"), and even in *Rames*, the Court did not determine coverage based on inherent ambiguity in the phrase "arising out of"; rather, its decision hinged on whether a general contractor fell under the policy's definition of "professional services." *Rames*, 544 P.3d at 222. Therefore, *Rames* does not establish a categorical rule. Indeed, "the Montana Supreme Court has never held the phrase 'arising from' is per se ambiguous." *Boyne USA, Inc. v. Fed. Ins. Co.*, 2025 WL 2438708, at *5 (D. Mont. Aug. 25, 2025) (collecting cases where "the Court has enforced insurance provisions that contain the term"). Rather, *Rames* follows Montana's longstanding practice of finding ambiguity only "where the contract, when taken as a whole, reasonably is subject to two different interpretations." *Gateway Hosp. Grp. Inc. v. Philadelphia Indem. Ins. Co.*, 464 P.3d 44, 54 (Mont. 2020).

Consistently, Exclusion 9 unambiguously denies coverage for the negligent entrustment claim against Victoria Howell, stating "[w]e will not pay for bodily

injury or property damage... [a]rising out of the entrustment by any of you to any person of any... motor vehicle." (Doc. 10-1, 43-44.) The *Pablo* comparison of liability-inducing conduct to excluded conduct finds an exact match here: entrustment of a vehicle to entrustment of a vehicle. Because "arising out of" is not ambiguous in this context, the negligent entrustment claim is excluded by the terms of the Policy.

It is a closer call whether the remaining allegation—that Victoria Howell negligently texted an intoxicated driver—is excluded conduct. Decisions subsequent to *Pablo* have distinguished the case and denied coverage where an exclusion "expressly covers more conduct than the exclusionary language at issue *Pablo*," *U.S. Liab. Ins. Co. v. B & C Casino, LLC*, 2025 WL 2163619, at *5 (D. Mont. July 30, 2025); where "claims exclusively depend on ... use of the car." *St. Farm Fire & Cas. Co. v. Schwan*, No. DV-08-128, 2014 WL 5365277, *4 (Mont. Dist. Ct. Hill Cnty. Oct. 1, 2014); and where ambiguity is eliminated by considering "the entirety of the [] Policy, including its governing terms," *Loendorf v. Employers Mut. Cas. Co.*, 513 P.3d 1268, 1272 (Mont. 2022). Each of those distinguishing factors is present here.

The combined motor vehicle exclusions in the Foremost Policy cover a broader range of activity than the exclusion in *Pablo*, reducing the universe of claims that could trigger ambiguity. Unlikely the exclusion in *Pablo*, the

9

exclusions here cover negligent supervision, statutorily imposed liability, and liability assumed through agreement. While not as broad as the firearms exclusion in *B & C Casino*, which encompassed "any 'injury' claim or 'suit' regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss," 2025 WL 2163619 at *4, the expanded scope of the motor vehicle exclusions here still eliminates some ambiguity. *See Schwan*, 2014 WL 5365277 ("By enumerating [negligent supervision and statutorily imposed liabilities], [the insurer] avoid[ed] the ambiguity found in Pablo.")

The texting claim against Victoria Howell also depends on the use of a motor vehicle in a way that the employment-related claims in *Pablo* did not. The duty to hire and train employees in a reasonable manner exists before they ever step inside a motor vehicle. By contrast, if Victoria Howell ever had a duty not to text her husband, it only arose because he was operating a vehicle. *See Schwan*, 2014 WL 5365277 (reaching a similar conclusion when evaluating underlying claims including negligently "failing to investigate whether [defendants' son Travis] was driving the vehicle… [,] failing to prevent Travis from driving the vehicle… [,] and failing to warn [a passenger] that Travis' driver's license was suspended or revoked, that Travis may not be insured, or that [the passenger] should not ride in the vehicle driven by Travis"). Unlike the independent employment-related claims in *Pablo*, Graham's claim exclusively depends on

10

Michael Howell's use of the car and are therefore covered by the broader language of the exclusion. Dangerous driving was not just the result of Victoria Howell's alleged negligence, it was a necessary precondition for the act to occur. Furthermore, the fact that Michael Howell was a co-insured supports the conclusion that that a claim dependent on his dangerous driving "aris[es] out of the… use… of… a motor vehicle… operated by… *any of you*." (Doc. 9 at 5–6 (emphasis added).) The broad text of the Policy's motor vehicle exclusions and the nature of the underlying claim in this case distinguish it from *Pablo*.

Finally, the exclusion in *Pablo* fell within a commercial general liability ("CGL") policy while this case interprets a homeowners policy. While the general purpose of a policy cannot create implied exclusions where none otherwise exist, *see Winter v. St. Farm Mut. Auto. Ins. Co.*, 328 P.3d 665, 669 (Mont. 2014) ("It is not the Court's duty to impose an exclusion from coverage based on an inference taken from an undeclared purpose of the policy."), the type of policy at issue serves as an important interpretive framework. For example, the nature of the policy was a necessary "starting point" for the Montana Supreme Court's interpretation of an "earth movement exclusion" in *Loendorf v. Employers Mutual Casualty Co.* 513 P.3d at 1272. Interpreting that exclusion to deny coverage for purely natural events but not earth movement caused by the insured was "consistent with the purpose of a CGL policy" to "insure the acts or omissions of

11

the insured." *Id.* at 1273 (internal quotation omitted.) Therefore, in interpreting a motor vehicle exclusion in a homeowners policy, it is relevant that, "[g]enerally speaking, the personal liability provisions of a homeowner's policy bind the insurer to pay damages for which the insured shall become liable as a result of accidents in and around his home." *Integon Natl. Ins. Co. v. Reece*, 423 F. Supp. 3d 831, 844 (E.D. Cal. 2019), *aff'd*, 831 F. App'x 274 (9th Cir. 2020). The fact that the Policy is a homeowners policy, not a CGL policy, is another relevant distinction from *Pablo.*

Given the scope of the motor vehicle exceptions, the underlying claims, and the nature of the Policy, Victoria Howell's alleged negligence is unambiguously excluded from coverage.

## II.    Drug Use Exclusion

Because coverage for the claims against Victoria Howell is precluded by the motor vehicle exclusions, the Court does not address Foremost's argument that they are also precluded by the Policy's drug use exclusion.

CONCLUSION

Foremost has no duty to defend or indemnify Victoria Howell in the underlying case. As Graham is not a prevailing party, his request for attorney fees is denied.

12

Based on the foregoing, IT IS ORDERED that Foremost's motion (Doc. 8) is GRANTED and Graham's cross-motion (Doc. 16) and motion for fees (Doc. 17) are DENIED. The Clerk is directed to enter judgment consistent with this Order. The hearing set for July 29, 2026 is VACATED.

DATED this 7th day of July, 2026.

Dana L. Christensen, District Judge
United States District Court